IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LOUIS ROGERS,

    Petitioner,

v.                                       CASE NO. 4:15-cv-554-MW-GRJ

SECRETARY, FLORIDA DEP'T
OF CORRECTIONS,

    Respondent.

_____/

## ORDER & REPORT AND RECOMMENDATION

On November 12, 2015, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges his February 24, 1995 conviction in the Second Judicial Circuit in and for Leon County, Florida, for first degree murder, attempted armed burglary, shooting within an occupied dwelling, armed robbery with a firearm, armed burglary of a dwelling, armed false imprisonment, grand theft, battery, and aggravated assault on a law enforcement officer. Despite affording Petitioner with ample opportunity to amend his petition, Petitioner has failed to do so thus warranting the dismissal of his petition.

## DISCUSSION

Petitioner failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper when he filed his petition. More importantly, Petitioner failed to date his petition and did not answer question number eighteen on the court-approved form which requires the Petitioner to provide information concerning the timeliness of his petition. Because of these deficiencies the Court on November 16, 2015, ordered Petitioner by December 16, 2015, either to file an application for leave to proceed as a pauper or to pay the $5.00 filing fee and to file an amended dated petition providing the information in response to question number eighteen. (ECF No. 3.) The Court also warned Petitioner that failure to comply with the Court's order, or to show cause as to why he is unable to comply, may result in a dismissal of his case for failure to prosecute and failure to comply with an order of the Court.

Petitioner failed to file the amended petition as directed and failed to pay the filing fee or file a motion for leave to proceed in forma pauperis. Accordingly, on March 15, 2016—after three months had passed— the Court ordered Petitioner to show cause by April 13, 2016, as to why his Petition should not be dismissed. (ECF No. 4.) The Court again advised

Petitioner that failure to comply or failure to show cause as to why Petitioner is unable to comply, may result in a dismissal of his case.

Apparently, on December 15, 2015, Petitioner had paid the $5.00 filing fee but the notation did not appear on the docket until March 21, 2016. (ECF No. 5.)[1]  On April 6, 2016, Petitioner provided to prison officials for mailing,[2] a response to the Court's March 15, 2016 order to show cause, advising that he paid his $5.00 filing fee on December 15, 2015. (ECF No. 6.) Notably, however, Petitioner did not mention why he had not filed the amended petition.

Because more than seven months had passed and Petitioner still had not filed the amended petition, on May 3, 2016, the Court issued another order to show cause regarding the amended petition. (ECF No. 7.) Petitioner was instructed that because he "failed to respond to the Court's order to show cause regarding the amended petition," Petitioner was "provided one final opportunity to show cause as to why his petition should not be dismissed."  The Court gave Petitioner a June 2, 2016 deadline to

---

[1] The reason for the delay, between the time Petitioner paid the fee and the time the payment was docketed, is unknown.

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted).

comply with the Court's order.  For the third time, the Court warned Petitioner that failure to comply with the Court's order, or to show cause as to why he is unable to comply, may result in the dismissal of his case.

On June 7, 2016, Petitioner provided to prison officials for mailing, a one paragraph motion for extension of time that made no mention of why he needed an additional 45-days to respond to the Court's order to show cause. (ECF No. 8.) [3]

To the extent that Petitioner seeks an extension of time to respond to the Court's order to show cause, his request is due to be denied.

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). In this case, because Petitioner's response was due by June 2, 2016, but he did not provide his motion to prison officials for mailing until June 7, 2016, he must show good cause for failing to act because of excusable neglect. Petitioner has failed to do so.

---

[3] Petitioner's motion includes the following note to the Clerk of Court: "I Louis Rogers is housed at Grac[e]ville Facility is sending this inclose[d] note to {indeciberable} from staff of a facility B-dorm {indecipherable} movement June 2nd." (ECF No. 8 at 2.) The note is allegedly signed by a staff member. (*Id.*) The Court, however, is unable to decipher what this note says or means.

The determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In determining "excusable neglect," the Court should consider the following factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

In addition to failing to show good cause for filing his motion for extension after the deadline, Petitioner has failed to provide any reason for the request for more time that the Court could liberally construe as "excusable neglect."  Although the motion for extension of time was filed only five days past the deadline, the real problem is that Petitioner has had seven months to file an amended petition, which at most required him to include a date on the Petition and answer one question. Seven months is more than sufficient time to accomplish this. And there is no reason that forty-five more days would be necessary or reasonable to file the amended petition.

Although there has been no prejudice to the non-movant in this case because the Petition has not yet been served, nonetheless, Petitioner has failed to establish that his failure to act was due to "excusable neglect." Accordingly, Petitioner's request for an extension of time is due to be denied.

And even assuming Petitioner *had* provided a reason for needing an extension of time, it is unlikely that the Court would have found "good cause" for the extension. There is simply no reason to delay eight and a half months to include a date on the Petition and answer one missing—but important—question on the Petition.[4]

---

[4] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year limitations period for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). In general, the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Where the petition is based on newly discovered evidence, however, the one-year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). The one-year period is tolled during the time in which a properly filed application for relief is pending in state court. § 2244(d)(2).

In this case, Petitioner was convicted in 1995. (ECF No. 1.) Apparently, some number of years later, Petitioner filed a motion for postconviction relief, which was denied at the trial court level, and subsequently affirmed on appeal by the First District Court of Appeals ("First DCA"). (*Id.*) Although Petitioner failed to provide dates of these decisions, a review of the First DCA's docket reveals that Petitioner filed his notice of appeal on October 6, 2014, the trial court's decision was affirmed on January 29, 2015, and the mandate followed on February 24, 2015. *See Rogers v. Florida*, Case No. 1D14-4601 (Fla. 1st DCA), http://www.1dca.org/.

Petitioner's grounds for federal habeas relief are as follows: (1) The trial court abused its discretion in denying Petitioner's newly discovered evidence claim without

The Court warned Petitioner in the Court's most recent order to show cause that he was being provided "one final opportunity" to show cause as to why his petition should not be dismissed. (ECF No. 7.) Petitioner failed to do so and then failed to request his extension of time to show cause in a timely manner.

Despite the Court's warning (three times) that failure to comply with the Court's orders may result in the dismissal of his case, Petitioner chose to ignore the Court's orders. Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[.]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir. 1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v.*

---

seeking a response from the state; and (2) Manifest injustice based on newly discovered evidence in the form of Petitioner's psychological and physical medical reports from the time of trial. (ECF No. 1 at 5–7.) Considering Petitioner was convicted in 1995, and considering his claims here appear to be related to his 3.850 motion based on alleged new evidence discovered sometime in the past few years, the issue of timeliness is highly pertinent to his Petition. And because timeliness is highly pertinent to his Petition, the date of Petitioner's Petition is also highly pertinent.

*Case No: 4:15-cv-554-MW-GRJ*

*Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1.

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). Petitioner's failure to comply with the Court's orders demonstrates that Petitioner has failed to prosecute this case. Further, and most notably, Petitioner's failure during seven months to comply with the Court's simple directive to date his Petition and answer the form's timeliness question, combined with his most recent untimely request for a forty-five day extension of time—without explanation or reason—demonstrates a clear record of delay for which dismissal is an appropriate sanction.

Accordingly, upon due consideration, it is **ORDERED**:

    1. Petitioner's motion for extension of time, ECF No. 8, is **DENIED**; and

It is respectfully **RECOMMENDED** that:

1. The Petition Under 28 U.S.C. § 2254, ECF No. 1, should be dismissed for failure to comply with the Court's orders and failure to prosecute.

**IN CHAMBERS** this 13th day of June, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**